UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES B. GOODMAN, § § *Plaintiff*, § § v. § § HEWLETT-PACKARD COMPANY, § § *Defendant*. § § | CASE NO. 4:16-CV-3195 |

## **REPORT, RECOMMENDATION, AND ORDER**

Pending before the Court in this patent infringement suit are Defendant's Motion to Dismiss, ECF No. 18, and Motion for Sanctions, ECF No. 25. The Court **RECOMMENDS** that the motion to dismiss be **DENIED**. In addition, the Court **DENIES** the motion for sanctions.[1]

### **I. BACKGROUND**

Plaintiff is the sole owner of United States Patent No. 6,243,315, titled "Computer Memory System with a Low Power Mode." ECF No. 1 ¶¶ 26–27. Defendant makes and sells computer-related products, some of which incorporate memory products known in the computer industry by the designations DDR3, DDR3L, DDR4, and LPDDR4. *Id.* ¶ 10. Plaintiff's complaint describes various technical details of these products and of the patent-in-suit; for present purposes, however, it is sufficient to note that, according to Plaintiff, all of the limitations contained in claim 1 of the patent-in-suit are also present in products Defendant sells. *Id.* ¶¶ 28–29. On that basis, Plaintiff seeks an injunction and other relief against Defendant for patent infringement under 35 U.S.C. §§ 271, 281. ECF No. 1 ¶¶ 6, (a)–(e).

---

[1] United States District Judge Keith P. Ellison referred the motion to dismiss for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 19. Judge Ellison referred the motion for sanctions for disposition under 28 U.S.C. § 636(b)(1)(A). ECF No. 28.

1

## II. DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to state a claim upon which relief can be granted because Defendant is an express licensee of the patent-in-suit. ECF No. 18 at 2.

### A. Applicable Law

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[I]n considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true." *Duke Energy Intern., L.L.C. v. Napoli*, 748 F. Supp. 2d 656, 665 (S.D. Tex. 2010) (Atlas, J.). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted).

To state a claim for direct patent infringement, a plaintiff must allege that the defendant, "without authority[,] makes, uses, offers to sell, or sells [the] patented invention." 35 U.S.C. § 271(a); *see also Hewlett–Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990). If a license permits the defendant to use or sell the patented invention, the defendant can assert the license as an affirmative defense. *Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*, 72 F.3d 872, 878 (Fed. Cir. 1995). A plaintiff claiming patent infringement has no obligation to plead facts negating an affirmative defense based on a license. *See Constr. Cost Data, LLC v. Gordian Grp., Inc.*, No. 4:16-cv-114, 2017 WL 2266993, at *6 (S.D. Tex. Apr. 24, 2017), *adopted*, 2017 WL 2271491 (S.D. Tex. May 22, 2017). A license-based affirmative

defense supports dismissal under Rule 12(b)(6) only if it "appears clearly on the face of the pleadings," *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986), and the allegations in the complaint foreclose the plaintiff from proving any "'potential rejoinder,'" *Constr. Cost Data*, 2017 WL 2266993, at *6 (quoting *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 352 (5th Cir. 2011)).

### B. Defendant's Motion to Dismiss Should Be Denied

At paragraphs 22 through 24 of his complaint, Plaintiff alleges the following:

22. [Plaintiff] has granted limited, non-exclusive licenses to the following companies: Patriot Memory, LLC, Nan Ya Technology Corporation USA, ON Semiconductor Corporation, Intel Corporation, Numonyx B.V., Atmel Corporation, Spansion, Inc., Hynix Semiconductor America Inc., NanoAmp Solutions, Inc., Integrated Silicon Solutions Inc., Fujitsu, Samsung, Sharp Electronics Corporation, Toshiba Corporation, Elpida, Micron Technology, Inc., Infineon Technologies North America Corp, and Smart Modular Technologies Inc.

23. On information and belief, [Defendant] purchases its memory product from at least one of the companies having a limited license from [Plaintiff], and it has been determined that if this is correct, [Defendant] is still liable for patent infringement.

24. On information and belief, [Defendant] incorporates memory products from SK Hynix (successor of Hynix) and contact was made with SK Hynix to determine if SK Hynix could provide a factual and legal basis for having its limited license include [Defendant], but SK Hynix was unable, or unwilling to provide any factual and legal basis. Other companies with limited licenses were also unable, or unwilling to provide a factual and legal basis for extending the respective limited licenses to other unlicensed companies.

ECF No. 1 ¶¶ 22–24.

In no way do these allegations support dismissing Plaintiff's complaint based on the affirmative defense that Defendant is an express licensee of the patent-in-suit. Taking the statements in paragraphs 22 through 24 as true, Plaintiff granted "limited, non-exclusive licenses" to various companies, at least one of which supplies memory products to Defendant. As

3

Plaintiff correctly argues in its opposition, nothing in the pleadings states that "*all* of [Defendant's] memory products are purchased from licensed companies." ECF No. 20 at 6 (emphasis added).[2] Hence, even if the licenses barred Plaintiff's claim based on products Defendant sells that incorporate memory devices purchased from licensed suppliers, Plaintiff could still prove infringement by showing that Defendant sells products that contain memory devices supplied by unlicensed companies. *See Twombly*, 550 U.S. at 546 ("[O]nce a claim has been stated adequately, it may be supported by showing *any set of facts* consistent with the allegations in the complaint." (emphasis added)).

Nor does the complaint state that the terms of the licenses mentioned in paragraph 22 embrace Defendant as a licensee; indeed, the complaint does not say anything about the content of the licenses other than that they are "limited" and "non-exclusive." That means Plaintiff may be able to show that Defendant and/or Defendant's allegedly infringing actions do not fall within the scope of the licenses. *See Spindelfabrik Suessen-Schurr, Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*, 829 F.2d 1075, 1081 (Fed. Cir. 1987) ("[A] patent license agreement is in essence nothing more than a promise by the licensor not to sue the licensee. . . . [P]atent license agreements can be written to convey different scopes of promises not to sue . . . .").

---

[2] The complaint does not support Defendant's assertion that "[t]he only licensed memory manufacturer alleged to supply [Defendant] with memory devices is SK Hynix." ECF No. 18 at 2. Paragraph 24 alleges that SK Hynix is the successor to one of the licensees mentioned in paragraph 22 and supplies Defendant with memory products; it does not state that SK Hynix is Defendant's sole supplier.

Defendant also maintains that the eighteen companies named in paragraph 22 constitute "virtually the entire industry," ECF No. 18 at 2, by which the Court assumes Defendant means "virtually the entire industry of memory product suppliers." That factual assertion is not contained in the complaint and cannot be considered in assessing Plaintiff's claim. *See Miller v. Nationwide Life Ins. Co.*, No. 06-31178, 2008 WL 3086783, at *3 (5th Cir. Aug. 6, 2008) (per curiam) (unpublished opinion). Moreover, even if that assertion were taken as true, it would not establish Defendant's affirmative defense for 12(b)(6) purposes. "Virtually the entire industry" is not the same thing as "the entire industry" and does not foreclose the possibility that Defendant obtained memory products from unlicensed suppliers.

Defendant attached to its motion to dismiss copies of four license agreements that Plaintiff allegedly entered into with the following companies: (1) Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc.; (2) Micron Technology, Inc.; (3) Nanya Technology Corporation and Nan Ya Technology Corporation USA; and (4) Samsung Electronics Co., Ltd. ECF No. 18 at 4–8; ECF Nos. 18-2, 18-3, 18-4, 18-5. According to Defendant, the terms of these license agreements extend to "customers" of the licensed companies and therefore include Defendant. ECF No. 18 at 4–8.

It is a basic rule of civil procedure that "[a] court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion." *Peacock v. AARP, Inc.*, 181 F. Supp. 3d 430, 434 (S.D. Tex. 2016) (Hanks, J.) (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)). Documents attached to a motion to dismiss may be considered to be part of the pleadings, but only if those documents are (1) "referenced by the complaint" and (2) "central to the claim." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *accord Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). "A document is central to a claim when it is 'necessary to establish an element' of the claim." *Pylant v. Cuba*, No. 3:14-CV-0745-P, 2015 WL 12753669, at *2 (N.D. Tex. Mar. 6, 2015) (quoting *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011)); *accord Peacock*, 181 F. Supp. 3d at 434; *see Collins*, 224 F.3d at 498–99 (5th Cir. 2000) (explaining that courts may consider such documents because "[i]n so attaching, the defendant merely assists the plaintiff in establishing *the basis of the suit*, and the court in making the *elementary determination* of whether a claim has been stated" (emphases added)).

In this case, the license agreements attached to Defendant's motion are not "central" to Plaintiff's claim because they are not "necessary to establish" any of the essential elements of

patent infringement. *See* 35 U.S.C. § 271(a). At most, the licenses provide an affirmative defense to Plaintiff's claim. *Carborundum Co.*, 72 F.3d at 878. Accordingly, the license agreements are not part of the pleadings, and the Court cannot consider them in ruling on Defendant's motion to dismiss.

Defendant argues that Plaintiff "is estopped from suing the customers, such as [Defendant], of licensed memory manufacturers after expressly granting licenses to those customers." ECF No. 18 at 9. That argument, however, assumes that Defendant is in fact a licensee of the patent-in-suit; indeed, the case Defendant cites—*AMP Inc. v. United States*, 389 F.2d 448, 450 (Ct. Cl. 1968)—specifically states that the "essence" of this sort of legal estoppel "involves the fact that the licensor (or assignor) *has licensed (or assigned)* a definable property right for valuable consideration, and then has attempted to derogate or detract from that right," *id.* at 452 (emphasis added). As just explained, the pleadings do not establish that Plaintiff granted a license covering Defendant's allegedly infringing actions in this case.

In sum, it does not appear clearly on the face of the pleadings that Defendant is an express licensee of the patent-in-suit, and the allegations in the complaint do not foreclose Plaintiff from showing that Defendant is not a licensee. Because the foregoing reasons provide a sufficient basis for denying the motion to dismiss, the Court does not reach the additional arguments contained in Plaintiff's opposition, or Defendant's reply to those arguments.[3]

---

[3] For example, Plaintiff argues that since "none of the patent claims specifically covers a memory product alone," "no rights" could possibly flow to Defendant by virtue of Defendant's "purchase of a memory product alone" from any of the licensed companies. ECF No. 21 at 3–5. Since the Court does not reach this argument, it also does not reach the contention, made in Defendant's reply, that Plaintiff is estopped from making that argument because Plaintiff took a contrary position in a separate lawsuit filed more than a decade ago. ECF No. 21 at 1–6.

## III. DEFENDANT'S MOTION FOR SANCTIONS

Pursuant to Federal Rule of Civil Procedure 11 and the court's inherent authority, Defendant moves to sanction Plaintiff and Plaintiff's attorney for filing (1) the complaint and (2) the opposition to Defendant's motion to dismiss.

According to Defendant, Plaintiff's attorney knew, prior to filing the complaint, that Defendant was a licensee of the patent-in-suit under "the express language of the license agreement" between Plaintiff and Hynix. ECF No. 25 at 8. By "contending otherwise" in the complaint, Defendant maintains, Plaintiff's attorney violated Rule 11(b)(3)'s requirement that "factual contentions have evidentiary support" and Rule 11(b)(2)'s requirement that claims be "warranted by existing law or by a nonfrivolous argument." *Id.* at 8–9.

As the Court has already concluded, Plaintiff's complaint presents a facially valid claim of patent infringement. "[A] motion for sanctions is not the appropriate vehicle for the Court to find that a facially valid claim is without factual or legal support." *SortiumUSA, LLC v. Hunger*, No. 3:11-cv-1656-M, 2014 WL 1080765, at *5 (N.D. Tex. Mar. 18, 2014); *accord* FED. R. CIV. P. 11 advisory committee's note to 1993 amendment ("Rule 11 motions . . . should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings."). Defendant's motion seeks to have the Court do precisely that and is therefore denied.

Defendant also argues that Plaintiff's attorney violated Rule 11(b)(2) and (3) by filing the opposition to Defendant's motion to dismiss "because virtually every page of the opposition contains legal and factual assertions that are diametrically opposite to the infringement theory [Plaintiff's attorney] advanced" in a prior suit against Hynix Semiconductor America, Inc. ECF No. 25 at 9. In that case, filed in this district in March of 2006 and later dismissed pursuant to the parties' settlement, Plaintiff alleged that Hynix infringed claim 1 of the patent-in-suit by selling

certain computer memory devices. *Id.* According to Defendant, Plaintiff's allegation of patent infringement in the case against Hynix "is squarely at odds" with Plaintiff's current position that "'none of the patent claims specifically covers a memory product alone.'" *Id.* at 10 (quoting ECF No. 20 at 3.).

The doctrine of judicial estoppel provides that a party cannot assert a claim in a legal proceeding that is inconsistent with a claim the party took in a previous proceeding. *Reed v. City of Arlington*, 650 F.3d 571, 573–74 (5th Cir. 2011) (en banc). The party invoking judicial estoppel has the burden of pleading and proving it as an affirmative defense. *See United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993) ("In the civil context, we have strictly required litigants to raise judicial estoppel according to the pleading requirements governing affirmative defenses under Federal Rule of Civil Procedure 8(c).").

Court-imposed sanctions are "extraordinary in nature." *Hooker v. Constellation Homebuilder Sys., Inc.*, No. 4:06-cv-77, 2008 WL 4057909, at *6 (S.D. Tex. Aug. 26, 2008) (Rainey, J.). Their "central purpose" is to "deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Defendant has not shown that sanctions are necessary to deter Plaintiff from pursuing an inconsistent legal position in this case, given the availability of judicial estoppel as an affirmative defense. *See Lulirama Ltd., Inc. v. Axcess Broad. Servs., Inc.*, 128 F.3d 872, 884 (5th Cir. 1997) (affirming district court's denial of Rule 11 sanctions because judicial estoppel was a "sufficient deterrent" to plaintiff's "taking inconsistent legal positions" regarding the legal effect of a license agreement). Accordingly, the Court finds the requested sanctions unwarranted under both Rule 11 and its inherent powers.

## IV. CONCLUSION

The Court **RECOMMENDS** that Defendant's Motion to Dismiss be **DENIED**. In addition, the Court hereby **ORDERS** that Defendant's Motion for Sanctions is **DENIED**.

The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72. Failure to file timely objections may preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on June 13, 2017, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**